IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ALVA N. VARGAS, | ) |
|     Plaintiff, | ) |
| v. | ) Case No. 3:13-cv-0600 |
| | ) Judge Sharp |
| ALETA A. TRAUGER, JULIET GRIFFIN, JUDGE KENNEDY, JUDGE COLE, JUDGE GILMAN, AND JUDGE ALICE M. BATCHELDER, | ) |
|     Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff Alva Vargas, proceeding *pro se*, has filed a complaint for injunctive relief based on alleged violations of the plaintiff's Fourteenth Amendment right to due process. Because the plaintiff names as defendants six federal judges, the Court construes the complaint as arising under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The plaintiff having been granted leave to proceed *in forma pauperis*, her complaint is before the Court for an initial review pursuant to 28 U.S.C. § 1915(e)(2).

**I.    Standard of Review**

Under § 1915(e)(2), the Court must review any complaint filed *in forma pauperis* and dismiss it *sua sponte*, prior to service on the defendants, if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). In reviewing the complaint, the court must construe the *pro se* plaintiff's complaint liberally, *Williams v. Curtin*, 631 F.3d 389, 383 (6th Cir. 2011), and accept the plaintiff's allegations as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under [§ 1915(e)(2)] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). "Accepting all well-

pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams*, 631 F.3d at 383 (quoting *Iqbal*, 556 U.S. at 681) (alteration in original).

II.     **Factual Allegations and Procedural History**

The plaintiff asserts that "[t]his action is to secure Plaintiff's Civil and Fourteenth Amendment Rights that the Defendants, acting independently and consecutively, denied the Plaintiff in order to give Defendant Dillard's Inc., favor." (ECF No. 1, at 4.)

The Court takes judicial notice that the plaintiff filed suit in 2007 against Dillard's, asserting that she had been subjected to employment discrimination in violation of Title VII of the Civil Rights Act of 1964. *Vargas v. Dillard's Dep't Store*, No. 3:07-cv-0737 (M.D. Tenn. July 12, 2007) (Complaint). Magistrate Judge Juliet Griffin issued a Report and Recommendation recommending that the defendant's motion for summary judgment be granted and that the action be dismissed with prejudice. The plaintiff submitted objections to the Report and Recommendation, but District Judge Aleta Trauger overruled the objections and accepted and adopted the Report and Recommendation in its entirety, and therefore dismissed the case. The plaintiff appealed the dismissal of her case, and the Sixth Circuit, in a panel consisting of Judges Kennedy, Cole, and Gilman, affirmed the decision. The United States Supreme Court subsequently denied the plaintiff's petition for certiorari and her petition for rehearing. In September 2009, the plaintiff filed a Rule 60(b) motion in the district court to reopen the case, which was denied on October 15, 2009.

At some point in 2010, the plaintiff filed a "complaint for Judicial Misconduct" in the Sixth Circuit Court of Appeals, pursuant to 28 U.S.C. § 351, against Judges Trauger, Griffin, Kennedy, Cole, and Gilman. The Honorable Alice Batchelder, in her capacity as Chief Judge of the Sixth Circuit Court of Appeals, dismissed the complaint in April 2013.

The plaintiff asserts in her present complaint that the granting of the defendant's motion for summary judgment in *Vargas v. Dillard's Department Store* was improper because the defendant was never required "to submit to the court any merits or material evidence whatsoever and the court denied Plaintiff's relevant material evidence, witness notarized testimony, and a timely written request for a trial." (ECF No. 1, at 5.) The plaintiff also alleges that the district court's docket was falsified insofar as it falsely

states that she never demanded a jury. She also complains that she never received notice of the denial of her motion for recusal.[1] The claims against Judges Griffin, Trauger, Kennedy, Cole, and Gilman are based upon their respective rulings in favor of the defendant, allegedly in violation of the plaintiff's due process rights. The plaintiff's claim against Chief Judge Batchelder is apparently based upon the denial of the plaintiff's administrative complaint for judicial misconduct, and the fact that the review of her complaint was not "expeditious" as required by 28 U.S.C. § 352(a).

The plaintiff insists that the defendants' "determined, pervasive, relentless, and unlawful rulings" have violated the plaintiff's protected due process rights and civil rights, and that "[d]enial of Injunctive Relief will allow the Defendants to continue their abuse of judicial discretion, unconstitutional rulings, and favor, denying unsuspecting Citizens, like the Plaintiff, justice and relief." (ECF No. 1, at 7.)

## III. Discussion

### A. The Claims Against Judges Griffin, Trauger, Kennedy, Cole, and Gilman

Although the plaintiff does not identify the basis for this Court's jurisdiction over her claims, the vehicle through which a plaintiff may vindicate violations of her constitutional rights against federal officials acting under color of federal law is an action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

It is well settled that state and federal judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *See Mireles v. Waco*, 502 U.S. 9, 11–12 (1991); *Butz v. Economou*, 438 U.S. 478, 511–13 (1978); *Ireland v. Tunis*, 113 F.3d 1435, 1440 (6th Cir. 1997). "[J]udicial immunity is necessary because 'principled and fearless decision-making" will be compromised if a judge 'fear[s] that unsatisfied litigants may hound him with litigation charging malice or corruption.'" *Vasile v. Dean Witter Reynolds Inc.*, 20 F. Supp. 2d 465, 488–89 (E.D.N.Y. 1998) (quoting *Pierson v. Ray*, 386 U.S. 547, 554 (1967)).

Absolute judicial immunity applies to all judges and other persons engaged in a judicial function,

---

[1] The docket reflects that the plaintiff's motion for Judges Trauger and Griffin to recuse themselves, filed after the Supreme Court denied the plaintiff's petition for certiorari and after Judge Trauger denied the motion to reopen, was denied as moot since dismissal of the case had been affirmed and the case was closed. *Vargas v. Dillard's Dep't Store*, No. 3:07-cv-0737 (M.D. Tenn. Oct. 15, 2009) (Order denying motion for recusal).

which is defined as the "performance of the function of resolving disputes between parties, or of authoritatively adjudicating private rights." *Burns v. Reed*, 500 U.S. 478, 500 (1991). The doctrine affords absolute immunity from damage suits for judicial acts, unless such acts are done in the "clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" (citation omitted)).

Here, all of the plaintiff's claims stem from judicial decisions made while the judge defendants were lawfully presiding over a case properly before them. "There is no evidence proffered, nor plausible claim suggesting, that [any judge] was without jurisdiction to decide the matters or that they acted outside their judicial capacity." *Vasile*, 20 F.Supp.2d at 489. Accordingly, they are all entitled to absolute immunity from suit, and dismissal of the claims against them on that basis.

The fact that the plaintiff seeks injunctive relief only, rather than damages, does not affect the defendants' entitlement to immunity. In the Sixth Circuit, absolute immunity in a *Bivens* actions against federal judges extends to requests for injunctive and other forms of equitable relief. *Kipen v. Lawson*, 57 F. App'x 691, 691 (6th Cir. 2003); *see also Newsome v. Merz*, 17 F. App'x 343, 345 (6th Cir. 2001) (finding that a plaintiff who sued a magistrate judge whose rulings allegedly favored the opposing parties in the plaintiff's prior lawsuits "had no claim for injunctive relief . . . because he did not demonstrate an inadequate remedy at law or a serious risk of irreparable harm," and also holding that "federal judges are immune from *Bivens* suits for equitable relief"). *Cf. Bolin v. Story*, 225 F.3d 1234, 1240 (11th Cir. 2000) ("[T]he doctrine of absolute judicial immunity serves to protect *federal* judges from injunctive relief as well as money damages."); *Mullis v. United States Bankr. Court for the Dist. of Nev.*, 828 F.2d 1385, 1392–93 (9th Cir. 1987) (noting that to allow injunctive relief against federal judges would be to permit a "horizontal appeal" from one district court to another or even "reverse review" of a ruling of the court of appeals by a district court)).

The claims against Judges Griffin, Trauger, Kennedy, Cole, and Gilman will be dismissed on the basis that these federal judges are entitled to absolute immunity from suit, whether for damages or equitable relief.

**B.     The Claims Against Chief Judge Batchelder**

Chief Judge Batchelder was not involved in the plaintiff's earlier lawsuit in a judicial capacity, and it is unclear whether absolute immunity applies to the plaintiff's claim against her. Chief Judge Batchelder is named in this suit because, in her capacity as Chief Judge of the Sixth Circuit Court of Appeals, she denied the plaintiff's judicial-misconduct complaint against the other defendants, submitted under 28 U.S.C. § 351(a). The plaintiff complains that Judge Batchelder's denial of her administrative complaint, issued three years after the complaint itself was lodged, was not issued "expediently" in compliance with 28 U.S.C. § 352. She also asserts that Judge Batchelder "disregarded all evidence and judicial violations, in collaboration with District Judge Aleta Trauger, Magistrate Judge Juliet Griffin, and Six[th] Circuit Court of Appeals Judges Kennedy, Cole, and Gilman to give them favor and to give Defendant in *Vargas v. Dillard's, Inc.* favor." (ECF No. 1, at 6.)

Under 28 U.S.C. § 351(a) "[a]ny person alleging that a judge has engaged in conduct prejudicial to the effective and expeditious administration of the business of the courts . . . may file with the clerk of the court of appeals for the circuit a written complaint containing a brief statement of the facts constituting such conduct." Upon receipt of such complaint, the clerk is to transmit it to the chief judge of the circuit. *Id.* § 351(c). The chief judge is to "expeditiously review" any such complaint, *id.* § 352(a), and, after such expeditious review, may dismiss the complaint if she finds, for instance, that it is "directly related to the merits of a decision or procedural ruling." *Id.* § 352(b)(1)(A)(ii).

"A complainant . . . aggrieved by a final order of the chief judge . . . may petition the judicial council of the circuit for review thereof." 28 U.S.C. § 352(c). From there, the complainant may then petition the Judicial Conference of the United States for review of any action taken by the judicial council. 28 U.S.C. § 357(a). Otherwise, however, "all orders and determinations . . . shall be final and conclusive and shall not be judicially reviewable on appeal or otherwise." *Id.* § 357(c).

The plaintiff does not state whether she followed the appropriate process for seeking review of Chief Judge Batchelder's decision. Regardless, to the extent the plaintiff seeks an order reversing Chief Judge Batchelder's decision or enjoining her to rule differently, this Court clearly lacks jurisdiction to grant such relief. *Id.*

It is not clear what other relief the plaintiff might seek from Chief Judge Batchelder, and her claim

is subject to dismissal on that basis alone. Moreover, regardless of what relief she might seek, the plaintiff fails to state a colorable *Bivens* claim against the chief judge. The only actual *fact* offered in support of her claim for constitutional violations is that the review of the plaintiff's administrative complaint was not "expeditious." The chief judge's alleged failure to conduct an "expeditious" review of the plaintiff's administrative complaint, standing alone, does not constitute a violation of the plaintiff's constitutional rights. The plaintiff's wholly conclusory and speculative statements that Chief Judge Batchelder abused her discretion and refused to acknowledge the other judges' "unconstitutional rulings" are not factual allegations and do not support the plaintiff's claims. The Court therefore finds that, even assuming absolute judicial immunity does not apply, the plaintiff fails to state a claim for which relief may be granted against Chief Judge Batchelder.

**III.    Conclusion**

For the reasons set forth herein, the complaint will be dismissed in its entirety. An appropriate order is filed herewith.

Kevin H. Sharp
United States District Judge