IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ALVA N. VARGAS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )     Case No. 3:13-cv-0600 |
| | ) |
| | )     Judge Sharp |
| ALETA A. TRAUGER, JULIET GRIFFIN, | ) |
| JUDGE KENNEDY, JUDGE COLE, | ) |
| JUDGE GILMAN, AND JUDGE ALICE M. | ) |
| BATCHELDER, | ) |
| | ) |
|     Defendants. | ) |

## ORDER

Following the dismissal of her complaint on immunity grounds and for failure to state a claim for which relief may be granted, plaintiff Alva Vargas, proceeding *pro se*, has filed a Notice of Appeal to the Sixth Circuit Court of Appeals. The plaintiff was permitted to proceed *in forma pauperis* in the district court.

Pursuant to Rule 24 of the Federal Rules of Appellate Procedure,

> A party who was permitted to proceed *in forma pauperis* in the district-court action . . . may proceed on appeal *in forma pauperis* without further authorization, unless:
>
>> (A) the district court—before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith . . . and states in writing its reasons for the certification or finding. . . .

Fed. R. App. P. 24(a)(3)(A); *see also* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."). If the district court denies the individual leave to proceed *in forma pauperis* on appeal, the party may file, within thirty days after service of the district court's decision, a motion with the Court of Appeals for leave to proceed as a pauper on appeal. Fed. R. App. P. 24(a)(5). The party's motion must include a copy of the affidavit filed in the district court (or, if no affidavit was filed in the district court, an affidavit as prescribed by Rule 24(a)(1)) and the district court's statement as to its reasons for denying pauper status on appeal. Fed. R. App. P. 24(a)(5); *Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999).

The test under § 1915(a) and Rule 24(a)(3) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue not frivolous. *Coppedge v. United States*, 369

U.S. 438, 445–46 (1962). The test is an objective one, *id.* at 445, so an appellant's good-faith subjective motivation for appealing is not relevant. Rather the question is whether, objectively speaking, there is any non-frivolous issue to be litigated on appeal. This test will often be difficult to apply in any conclusive manner at the district court level because typically only a bare notice of appeal is before the district court.

In this case, however, the plaintiff's Notice of Appeal is quite detailed, and she specifies the Court's findings with which she disagrees. Her assertions, however, do not substantiate the existence of any non-frivolous issue. The plaintiff misapprehends the basis for the Court's dismissal, and the fact remains that her *Bivens* claims for injunctive relief against the district and appellate judges named as defendants are barred by absolute judicial immunity, and/or for failure to state a claim for which relief could be granted. The plaintiff's good-faith lack of comprehension of the legal basis for the dismissal of her claims does not amount to a good-faith basis for appeal. Because the plaintiff's claims are patently without merit, the Court hereby **CERTIFIES** that the appeal in this matter is not in good faith.

Accordingly, as indicated above, in order to pursue her appeal, the plaintiff must, **within 30 days after service of this order,** either submit the $455 appellate filing fee to this Court in full, or file a motion directly with the Sixth Circuit Court of Appeals for leave to proceed as a pauper on appeal. Her motion must include an affidavit as prescribed by Rule 24(a)(1) of the Federal Rules of Appellate Procedure and this Court's statement as to its reasons for denying pauper status on appeal. Fed. R. App. P. 24(a)(5). The Sixth Circuit will then issue its own ruling as to whether the plaintiff should be granted leave to pursue her appeal *in forma pauperis*. All filings in the Sixth Circuit Court of Appeals should be mailed to: Clerk of Court, Potter Stewart United States Courthouse, 100 East Fifth Street, Suite 540, Cincinnati, OH 45202.

The Clerk is **DIRECTED** to provide notice of this order to the Sixth Circuit Court of Appeals.

It is so **ORDERED**.

Kevin H. Sharp
United States District Judge